## Abraham L. Marcus and Morris Marcus, trading as Marbro Mills, Defendants in Error, v. Morris Ratsky and Abraham L. Stone, trading as Ratsky & Stone, Plaintiffs in Error.

### Gen. No. 21,714.

1. DEPOSITIONS, § 22*—*when deposition of assignor of account inadmissible in suit by assignee.* In a suit upon an assigned account, a deposition of the assignor taken by defendants is inadmissible under section 33 of the Municipal Court Act (J. & A. ¶ 3344), where there is no evidence that the assignor was in any manner connected with or interested in the assignee or its business, or that he was liable as assignor to the latter in the event that assigned account was not collected.

2. CONSPIRACY, § 13*—*when evidence inadmissible.* Before evidence of a conspiracy is admissible against a party to a suit, such party must first be proven to have been a co-conspirator with the person whose statements out of his presence, are proposed to be given in evidence.

3. EVIDENCE, § 221*—*when inadmissible as hearsay.* In a suit on an assigned account, the evidence in which shows that a check had been sent in payment of the account but had come into the hands of a third person who changed the name of the payee, raised the amount and cashed the check, the deposition of a third person as to other similar transactions is inadmissible where no connection is shown between plaintiffs and deponent.

4. EVIDENCE, § 67*—*when inadmissible as irrelevant.* In a suit on an assigned account, certified copies of documents in a bankruptcy proceeding against the assignor in a Federal court in another district are properly excluded as irrelevant.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

EUGENE M. BUMPHREY, for plaintiffs in error.

WILLIAM HELFAND and BENJAMIN H. EHRLICH, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

A judgment on the finding of the court for $282.48 in favor of plaintiffs is the subject of this review. It is admitted that if plaintiffs are entitled to recover at all, the amount of the judgment should stand.

Plaintiffs bought from Joseph Seiden an account against defendants for goods sold and delivered to the amount of the judgment. Plaintiffs bring suit in their own name in force of section 18, ch. 110, Rev. St. (J. & A. ¶ 8555).

The difficulties here encountered arise from the fact that defendants attempted to pay the account in suit by drawing their check for the amount due to the order of plaintiffs and transmitting the same to plaintiffs by mail. This check never reached plaintiffs. In some way not satisfactorily explained the check fell into the hands of some dishonest person who raised it to $382.48, changed the name of the payee to "J. Wilner" and cashed the check as altered at the Night Bank of St. Louis, Missouri. The serious question for solution is whether the proofs in the record in any way connect plaintiffs with the forgery, and if not, whether, on the theory that the evidence excluded would, was such evidence admissible for that purpose. This raises the further question whether the deposition, taken by defendants, of Joseph Seiden, the assignor of the account in suit, was admissible in evidence under section 33 of the Municipal Court Act (J. & A. ¶ 3344), for which limited purpose only was it offered. This section reads:

"That upon the trial or hearing of any suit in the Municipal Court any party thereto or any person for whose immediate benefit such suit is prosecuted or defended or the directors, officers, superintendent or managing agents of any corporation which is a party to the record in such suit may be examined upon the trial thereof as if under cross-examination at the in-

stance of the adverse party or parties, or any of them, and for that purpose may be compelled, in the same manner and subject to the same rules for examination, as any other witness, to testify, but the party calling for such examination shall not be concluded thereby, but may rebut the testimony thus given by counter testimony.''

The construction of this section is one of first impression, as up to the present time such section has not been construed by a court of review. We are inclined to the opinion that Seiden's deposition was properly excluded, in the limited way in which it was offered, because Seiden was neither a party to the cause nor beneficially interested in its outcome. There is no evidence that he was in any manner connected with or interested in plaintiffs or their business or that he was liable as assignor to plaintiffs in the event that the account assigned was not collected. Without making it to appear that Seiden was in some way beneficially interested in the suit, defendants could not under section 33, *supra,* avail of his evidence. Defendants proffered the deposition of Jacob Goldman, a self-confessed crook, which was taken in the ''Tombs'' prison in New York City, in an attempt to connect plaintiffs with the forged check. Goldman's testimony was not only unreliable but it was purely hearsay and in no way tended to connect plaintiffs with the forgery of the check of defendants sent to plaintiffs, or with any conspiracy to raise, alter or change any other checks. It seems that Goldman had been connected with a gang of forgers which had raised checks in transactions similar to the one between plaintiffs and Seiden, and that he had been many times arrested. Even his testimony is silent as to his having had any connection or transactions with plaintiffs. The exclusion of this deposition was without error. Before evidence of a conspiracy against a party is admissible, such party must first be proven to have been a co-conspirator with the person whose statements, out of the

presence of such party, is proposed to be given in evidence. *People v. Barkas*, 255 Ill. 516.

Defendants offered certified copies of certain documents in a bankruptcy proceeding against Seiden in the District Court of the United States for the Southern District of New York. The offer was rightfully denied on the grounds of irrelevancy and lack of proper authentication.

There is no evidence in the record either admitted or excluded which in any manner connects plaintiffs with the forgery of the check of defendants mailed to plaintiffs in payment of the account in suit.

There is no reversible error in the record and the judgment of the Municipal Court is affirmed.

*Affirmed.*